Exhibit 1 to Defendant's Notice of Removal



## Notice of Service of Process

**LDD / ALL**
**Transmittal Number: 25247719**
**Date Processed: 07/20/2022**

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Home Improvement, LLC<br>Entity ID Number  2515370 |
| **Entity Served:** | Lowe's Home Improvement, LLC |
| **Title of Action:** | Jack Mays vs. Lowes Home Improvement LLC |
| **Matter Name/ID:** | Jack Mays vs. Lowes Home Improvement LLC (12585597) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Arapahoe County District Court, CO |
| **Case/Reference No:** | 2022CV31324 |
| **Jurisdiction Served:** | Colorado |
| **Date Served on CSC:** | 07/19/2022 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Randall J. Paulsen & Associates, P.C.<br>303-426-7336 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Exhibit 1 to Defendant's Notice of Removal

☐   FORM 1.2 DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL
PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY
COMPLAINT AND JURY DEMAND

DATE FILED: July 18, 2022 9:12 AM
FILING ID: C8AA7017C535C
CASE NUMBER: 2022CV31324

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**<br>7325 South Potomac St., Suite 100<br>Centennial, CO   80112<br>Phone:   303-645-6600 | |
| **JACK MAYS, Plaintiff,**<br><br>**v.**<br><br>**LOWES HOME IMPROVEMENT LLC, Defendant.** | **COURT USE ONLY** |
| **Attorneys for Plaintiff**<br><br>Randall J. Paulsen #10643<br>Randall J. Paulsen & Associates, P.C.<br>8704 Yates Drive, Suite 100<br>Westminster, CO   80031<br>Phone: (303) 426-7336<br>Fax: (303) 426-7411<br>E-mail: randy@rjpaulsenlaw.com | Case No.<br><br>Division |
| **DISTRICT COURT (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT AND JURY DEMAND** | |

1.   This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party compliant in every district court civil (CV) case.   It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.   Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.   Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

☐   This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, or

Exhibit 1 to Defendant's Notice of Removal

☑   This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification.

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐   Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does apply to this case.

3.   ☑   This party makes a Jury Demand at this time and pays the requisite fee.   See C.R.C.P. 38 (Checking this box is optional.)

DATED: July 18, 2022.

Respectfully submitted,

By: */s/ Randall J. Paulsen*
Randall J. Paulsen

## NOTICE

This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim or third-party complaint.

*In accordance with C.R.C.P. Rule 121 § 1-29(9), a printed copy of this document with original signatures is being maintained by the filing party.*

Exhibit 1 to Defendant's Notice of Removal

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**<br>7325 South Potomac St., Suite 100<br>Centennial, CO 80112<br>Phone: 303-645-6600 | DATE FILED: July 18, 2022 9:12 AM<br>FILING ID: C8AA7017C535C<br>CASE NUMBER: 2022CV31324 |
| **JACK MAYS, Plaintiff,**<br><br>**v.**<br><br>**LOWES HOME IMPROVEMENT LLC, Defendant.** | **COURT USE ONLY** |
| **Attorneys for Plaintiff**<br><br>Randall J. Paulsen #10643<br>Randall J. Paulsen & Associates, P.C.<br>8704 Yates Drive, Suite 100<br>Westminster, CO 80031<br>Phone: (303) 426-7336<br>Fax: (303) 426-7411<br>E-mail: randy@rjpaulsenlaw.com | Case No.<br><br>Division |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE-NAMED DEFENDANTS:**

**Lowe's Home Improvement, LLC**
Principal Office Address:
1000 Lowe's Blvd.,
Mooresville, NC 28117-8520

Store Address:
5095 S Santa Fe,
Littleton, CO 80120

**Registered Agent**
**Corporation Service Company**
1900 W. Littleton Boulevard
Littleton, CO 80120

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response

1

Exhibit 1 to Defendant's Notice of Removal

within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: July 18, 2022

Respectfully submitted,

By: */s/ Randall J. Paulsen*
Randall J. Paulsen

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

*In accordance with C.R.C.P. Rule 121 § 1-29(9), a printed copy of this document with original signatures is being maintained by the filing party.*

2

Exhibit 1 to Defendant's Notice of Removal

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**<br>7325 South Potomac St., Suite 100<br>Centennial, CO 80112<br>Phone: 303-645-6600 | DATE FILED: July 18, 2022 9:12 AM<br>FILING ID: C8AA7017C535C<br>CASE NUMBER: 2022CV31324 |
| **JACK MAYS, Plaintiff,**<br><br>**v.**<br><br>**LOWES HOME IMPROVEMENT LLC,**<br>**Defendant.** | **COURT USE ONLY** |
| **Attorneys for Plaintiff**<br><br>Randall J. Paulsen #10643<br>Randall J. Paulsen & Associates, P.C.<br>8704 Yates Drive, Suite 100<br>Westminster, CO 80031<br>Phone: (303) 426-7336<br>Fax: (303) 426-7411<br>E-mail: randy@rjpaulsenlaw.com | Case No.<br><br>Division |
| **COMPLAINT** | |

COMES NOW the Plaintiff, Jack Mays, by and through his attorneys Randall J. Paulsen & Associates, P.C., and as and for a Complaint against the Defendant, states alleges and avers as follows:

### GENERAL ALLEGATIONS

1. At all times material to this complaint, the Plaintiff was a resident and domiciliary of the County of Aurora, residing at 14191 E Jewell Ave, Aurora, CO 80012.

2. At all times material to this complaint, the Defendant operated as a Limited Liability Company in a commercial enterprise with a business address of 5095 S Santa Fe Littleton Co 80120.

3. The agent for service of process for the Defendant is Corporation Service Company.

4. The Plaintiff was employed by the Defendant from June 13th, 2018 until September 12th, 2021 as a manager at the store located at 14191 E Jewell Ave Aurora Co 80012.

Exhibit 1 to Defendant's Notice of Removal

5.  Between the dates of June 13th, 2018 through September 22nd, 2021, the Plaintiff was required to be available for e-mail, text and phone call questions when he was not physically present at the store. At all times, the Plaintiff was an hourly employee compensated at the rate of $25.33 per hour. Plaintiff was not a salaried employee.

6.  Between the dates of June 13th, 2018 and September 22nd, 2021, the Plaintiff worked an additional 1872 hours for which he was unpaid by his employer the Defendant.

7.  The Plaintiff worked a minimum of 40 hours per week on the job site at the store and therefore, any additional hours were to be paid at the rate of $38.00 per hour at the overtime rate.

8.  The Plaintiff made demand for payment on the Defendant as required by statute on October 11th, 2021, in writing.

9.  Despite numerous requests, including the written request, the Defendant has refused to pay the wages owed.

    Wherefore, the Plaintiff prays following his final claim.

## FIRST CLAIM FOR RELIEF
### (CRS§ 8-4-109)

10. The Plaintiff incorporates by reference paragraphs one through nine of this complaint as though fully contained herein insofar as they may be applicable.

11. Pursuant to CRS § 8-4-109 (3) (a.5), if the employer disputes the amount of the wages or compensation claimed by the employee, and, within 14 days after the written demand is sent, makes a legal tender of the amount that the employer in good faith believes is due, the employer shall not be liable for any penalty unless, in a legal proceeding, the employee recovers a greater sum than the amount tendered by the employer.

12. Here, despite receiving a demand from the Plaintiff for the payment of wages, the Defendant made no tender of the amount of wages it believed were due.

13. The Plaintiff is owed wages of $71,136.00 to compensate him for 1872 unpaid hours while he was employed by the Defendant. Additionally, the Plaintiff is entitled to penalties from the Defendant in the following amounts:

    a.  125% of the amount of wages or compensation up to and including $7,500.00;
    b.  50% of that amount of such wages or compensation that exceeds $7,500.00, ($67,386);

14. In addition, the actions of the employer/Defendant, in refusing to pay or tender payment to the Plaintiff are willful entitling the Plaintiff to additional penalties which

Exhibit 1 to Defendant's Notice of Removal

increase the penalty owed by the Defendant to the Plaintiff by an additional 50%, ($41,193).

15. All tolled, the damages plus penalties equal $187,215.00.

Wherefore, the Plaintiff prays following his final Claim for Relief.

## SECOND CLAIM FOR RELIEF
(Attorney's Fees pursuant to CRS § 8-4-110)

16. The Plaintiff incorporates paragraphs one through 15 of this complaint as though fully contained herein.

17. Pursuant to CRS § 8-4-110, the court may award attorney's fees in the event the Plaintiff employee recovers an amount greater than the amount tendered by the employer.

18. Here, the Defendant employer tendered no amount within the 14 days required and in fact has tendered no amount since.

19. Pursuant to statute, the Plaintiff requests this court enter an order for attorney's fees and costs incurred as a result of the failure to pay wages.

WHEREFORE, the Plaintiff respectfully requests this court enter judgment in his favor and against the Defendant for damages for failure to pay wages when due, for penalties pursuant to statute, and for attorney's fees and costs pursuant to statute.

Respectfully submitted,

RANDALL J. PAULSEN & ASSOCIATES, P.C.

*/s/ Randall J. Paulsen*
Randall John Paulsen, #10643
Attorney for Plaintiff

Plaintiff's Address:

14191 E Jewell Ave,
Aurora, CO 80012

Exhibit 1 to Defendant's Notice of Removal

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY,<br>STATE OF COLORADO<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED: July 18, 2022 9:58 AM<br>CASE NUMBER: 2022CV31324 |
| Plaintiff(s): JACK MAYS | |
| v.<br><br>Defendant(s): LOWES HOME IMPROVEMENT LLC | ▲ **COURT USE ONLY** ▲<br><br>Case Number: 22CV31324<br>Div. 21 |
| **DELAY REDUCTION ORDER**<br>(FOR CASES FILED ON OR AFTER JULY 1, 2015) | |

This Court is on a delay reduction docket.

A.  For all civil actions, the following deadlines must be met:

  1.  <u>Service of Process</u>:  Returns of service on all defendants shall be filed within **63 days** after the date of the filing of the complaint.

  2.  <u>Default Judgment</u>:  Application for default judgment shall be filed within **35 days** after default has occurred.

  3.  <u>Case Management</u>:  Whether a Case Management Conference is required is determined by each Division.

  4.  <u>Trial Setting</u>: Parties shall comply with the procedure for setting trial as determined by the Judge presiding over the Division to which the case has been assigned.

      a.  Actions governed by C.R.C.P. 16 shall be set for trial within **49 days** of the "at issue" date and generally trial will be set within **1 year** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

      b.  Actions governed by C.R.C.P. 16.1 shall be set for trial within **42 days** of the "at issue" date and generally trial will be set within **6 months** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

B.  A District Court Civil Cover Sheet (JDF 601) shall be filed with all civil complaints.

Exhibit 1 to Defendant's Notice of Removal

C.   Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

D.   Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case a document entitled "Information Regarding Case(s)" informing the Court of the related case(s) and stating whether consolidation is appropriate.

E.   If an attorney or self-represented party failed to comply with the Order, the Court may dismiss the case without prejudice.

Date: 07/18/2022

BY THE COURT:
ASSIGNED JUDGE

Exhibit 1 to Defendant's Notice of Removal



| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED: July 18, 2022 1:25 PM<br>CASE NUMBER: 2022CV31324 |
|---|---|
| Plaintiff: JACK MAYS<br><br>v.<br><br>Defendant: LOWES HOME IMPROVEMENT LLC | ▲   COURT USE ONLY   ▲<br><br>Case Number: 22CV31324<br><br>Courtroom:  21 |
| INITIAL PROCEDURAL ORDER | |

THE COURT, being duly advised in the premises hereby issues this order, the terms of which control over any other orders previously issued such as the Delay Reduction Order, and, or the Order Regarding Plan For Settlement Pursuant To C.R.C.P. 16(b)(7) and C.R.S. §§13-22-311, 313, as follow:

1.    <u>Pro Se (Self-Represented) Parties</u>:

    a.    You are bound to abide by these orders, the  Colorado Rules of Civil Procedure and the law in the State of Colorado in the same manner as attorneys, and must exhaustively **CONFER** with the other party(ies) or their counsel before asking the Court for relief.

    b.    **FORMS** are available at online at: https://www.courts.state.co.us/Forms/Index.cfm.

    c.    If you have specific questions there is also a **SELF-HELP OFFICE** in Arapahoe County located at 7325 S. Potomac Street, Centennial, Colorado 80122, in Courthouse II, Room 131 (303.645.6845).

2.    <u>Notice</u>:  Failure to comply with this, or any other order of the court may result in sanctions including but not limited to dismissal of the case without prejudice pursuant to C.R.C.P 121 § 1-10, and C.R.C.P. 41(b)(2).

Exhibit 1 to Defendant's Notice of Removal

3.      "Responsible Attorney": This term is defined in C.R.C.P. 16(b)(2) but also refers herein to the Plaintiff in cases where no party is represented by an attorney.

4.      Exhibits and Attachments:  Documents, and other evidentiary matter of any kind, related to a filing or related to a hearing of any kind must be identified and filed electronically with the Court no less than three (3) days before any scheduled event, AND SHALL NOT BE DELIVERED to the Court by any other means.  Parties shall be responsible for having the necessary equipment and technology available to display or play digital media -whether audio or video – during hearings  (including but not limited to screen sharing and other functions available when hearings are held by WebEx) without reliance on the Court.

5.      Certificate of Service:  The Responsible Attorney shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance. Further, the Responsible Attorney shall always provide pro se parties with copies of any and all orders and notices issued by the Court within seven days of receipt.

6.      Interpreters:  Pursuant to Chief Justice Directive 06-03, the courts shall assign and pay for language interpretation for all parties in interest during or ancillary to a court proceeding. If you require a language interpreter, you must inform the Division Clerk not later than 30 days prior to your next court appearance or hearing to ensure that an interpreter is present to assist you. Failure to timely contact the Division Clerk may prevent you from receiving an interpreter on the date and time of your scheduled court appearance and may result in continuance and or sanctions.  A language interpreter may only interpret what is said between parties during a hearing and immediately prior to or after the hearing. A language interpreter may not provide legal advice or any other service that is not related to interpreting. Interpreters may not provide any services that may constitute a violation of the language

Exhibit 1 to Defendant's Notice of Removal

interpreter's Code of Professional Responsibility.  If interpreter services are no longer needed, you must advise the Division Clerk not later than 72 hours prior to your scheduled court appearance.

7.    Replevin and FED Cases: In any replevin or FED matter, proof of service on Defendant(s) must be filed at least 48 hours PRIOR to a scheduled hearing on possession.  If proof of service is not filed at least 48 hours prior to the hearing, the hearing is subject to being vacated and reset.

8.    Default:  If a defendant is in default, a motion for entry of default judgment under C.R.C.P. 55(b) must be filed with the application for entry of default. Motions for entry of default judgment must comply with C.R.C.P. 121 § 1-14. Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

9.    Cases filed under C.R.C.P. 16.1: Not later than 49 days after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h).  No Case Management Order or Case Management Conference is required unless after motion and subsequent order of the Court.

10.    Cases NOT filed under C.R.C.P. Rule 16.1

a.    Case Management Order: Not later than 49 days after the case is at issue, the parties shall file, in editable format, a proposed Case Management Order. Pursuant to C.R.C.P. 16(d)(3) the Case Management Order shall be prima facie evidence that the parties seek the Court to dispense with a Case Management Conference.

b.    Case Management Conference:  In the event that the parties are NOT working together collegially and CANNOT draft a Case Management Order consistent with the best interests of all parties and proportionate to the needs of the case, then, no later than 49 days after the case is at issue the Responsible Attorney shall file a motion requesting a Case Management

Exhibit 1 to Defendant's Notice of Removal

Conference (CMC).  If a Case Management Conference is scheduled the Responsible Attorney shall file a proposed Case Management Order no later than seven (7) days before the CMC which describes issues in dispute in **bold** print.

11.     <u>Trial Setting for All Cases</u>:

a.      The Responsible Attorney shall no later than 42 days from the date the case is at issue set the matter for trial by contacting the Division Clerk at cecilia.reed@judicial.state.co.us indicating in the subject line that the communication is a "Notice to Set" followed by the case number set forth above, copied to all interested parties. (Note: this is a shorter timeframe than would otherwise be required by C.R.C.P. 16.1(g)).  A case is "at issue" when: (a) all parties have been served and have filed all pleadings permitted by C.R.C.P. 7; or (b) defaults or dismissal have been entered against all non-appearing parties; or (c) at such other time as the Court directs.

b.      The Division Clerk shall set the case for trial for no more than 5 days as well as for a Trial Management Conference. The parties must jointly respond to the dates offered by the Division Clerk within three business days or the Court will select the dates most convenient for its docket.  The Court adheres to the provisions of Chief Justice Directive (CJD) 08-08 which requires that 90% of all civil actions filed shall be concluded within one year of filing.

c.      Any issue related to the length of trial or the dates set by the Division Clerk shall be addressed by the Court upon motion subject to C.R.C.P. Rule 121, 1-15.   Repetitive, argumentative and, or unnecessary emails to the Division Clerk may result in the imposition of sanctions.

Exhibit 1 to Defendant's Notice of Removal

12.   <u>Motions to Dismiss</u> (C.R.C.P. Rule 12):  The remedy for many, if not most, Rule 12 motions is amendment of the complaint pursuant to C.R.C.P. Rule 15(a). Accordingly, Rule 12 motions shall in the certificate of conferral required by C.R.C.P. Rule 121, 1-15 (8) state with specificity that the parties have discussed amendment of the complaint and the reason not to allow it; failure to follow this procedure may result in the in the denial of the motion.    Further, motions to dismiss must comply with the following procedure stating each factual claim or response thereto in separately numbered paragraphs:

a.      The Motion shall have an initial section setting forth the elements of each claim for relief plead in the Complaint and specify why the allegations in the Complaint do not contain plausible statements of fact related to each element.   Each defect shall be set forth in a numbered paragraph.

b.      The Response shall address each claimed defect referring to the numbered paragraph in the Motion and shall refer to the numbered paragraphs in the Complaint which address the alleged defect.

c.      Replies, if any, shall refer to each such paragraph set forth in the Response.

13.   <u>Related Cases</u>:  Parties shall file a Notice of Related Case with the Court, identifying the case number and county of origin and state whether consolidation is appropriate within thirty-five days after the case is at issue.

Exhibit 1 to Defendant's Notice of Removal

14.  <u>Dispute Resolution</u>:

a.      No later than 35 days after the case is at issue, the parties shall discuss the possibility of a prompt settlement or resolution of the case using Alternative Dispute Resolution (ADR) (see,  C.R.S. § 13-22-302) including services of the Office of Dispute Resolution (ODR) (www.ColoradoODR.org; 720-625-5940).

b.      No later than 42 days after the case is at issue, the parties shall file a "Stipulated Plan Regarding Settlement" which shall identify the ADR provider, and a date certain when the services shall be provided. If the parties fail to file a Stipulated Plan Regarding Settlement, they shall schedule ODR mediation to be completed no later than 35 days prior to the trial date.

c.      The parties shall certify in the proposed Trial Management Order that they have complied with this part of this Order.  Failure to comply may result in sanctions including, but not limited to, the trial date being vacated.

15.  <u>Remote Proceedings</u>

a.      <u>Telephonic Proceedings</u>:  Status conferences, including Case Management Conferences and Trial Management Conferences shall be scheduled for telephonic participation by the Division Clerk.  To attend such proceedings participants shall dial 303-645-6601, conference 57333# which shall be clearly described on all notices of hearing issued by the Responsible Attorney.

b.      <u>WebEx</u>:  Evidentiary hearings, including but not limited to show cause, replevin and FED possession hearings may be subject to the Court issuing a WebEx Procedural Order (WPO).  Unless a timely, written, objection to such proceeding is filed at least fourteen (14) days in advance of such proceeding, and granted prior to the commencement of such proceeding, the parties must comply with the WPO.

Exhibit 1 to Defendant's Notice of Removal

      c.    <u>Trials</u>:  All trials shall be in-person unless otherwise ordered by the Court either after a written motion is filed and granted, or on the Court's own motion.

DONE, July 18, 2022

BY:

_____

District Court Judge Peter F. Michaelson

Exhibit 1 to Defendant's Notice of Removal

| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 South Potomac St., Suite 100<br>Centennial, CO 80112 | DATE FILED: August 6, 2022 2:53 PM<br>CASE NUMBER: 2022CV31324 |
|---|---|
| | ▲ COURT USE ONLY ▲ |
| **Plaintiff:**<br>JACK MAYS,<br><br>v.<br><br>**Defendant:**<br>LOWES HOME IMPROVEMENT LLC | Case No.  2022CV31324<br><br>Div: 21          Ctrm**:** |
| **(PROPOSED) ORDER GRANTING DEFENDANT LOWES HOME IMPROVEMENT LLC'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** | |

The Court, having reviewed Lowes Home Improvement LLC's ("Lowes")

Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint

("Complaint"), and being fully advised, orders:

The motion is GRANTED.  Lowes shall have until August 30, 2022, to answer or

otherwise respond to the Complaint.

DATED:  August __5_, 2022.


BY THE COURT:


_____

District Court Judge

19428684_v1

Exhibit 1 to Defendant's Notice of Removal

| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 South Potomac St., Suite 100<br>Centennial, CO 80112 | DATE FILED: August 4, 2022 11:53 AM<br>FILING ID: 4C5CAA92631B2<br>CASE NUMBER: 2022CV31324<br><br>▲ COURT USE ONLY ▲ |
|---|---|
| **Plaintiff:**<br>JACK MAYS,<br><br>v.<br><br>**Defendant:**<br>LOWES HOME IMPROVEMENT LLC | Case No.  2022CV31324<br><br>Div: 21            Ctrm**:** |
| **(PROPOSED) ORDER GRANTING DEFENDANT LOWES HOME IMPROVEMENT LLC'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** ||

The Court, having reviewed Lowes Home Improvement LLC's ("Lowes") Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint ("Complaint"), and being fully advised, orders:

The motion is GRANTED.  Lowes shall have until August 30, 2022, to answer or otherwise respond to the Complaint.

DATED:  August ___, 2022.

BY THE COURT:

_____

District Court Judge

19428684_v1

Exhibit 1 to Defendant's Notice of Removal

<table>
<tr>
<td colspan="2">

**DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**

7325 South Potomac St., Suite 100
Centennial, CO 80112

</td>
</tr>
<tr>
<td>

**Plaintiff:**
JACK MAYS,

v.

**Defendant:**
LOWES HOME IMPROVEMENT LLC

</td>
<td>

▲ **COURT USE ONLY** ▲

</td>
</tr>
<tr>
<td>

*Attorneys for Defendant*

Name:     Steven Gutierrez, Reg No. 23208
           Joshua Kohler, Reg No. 51245
Address:   HOLLAND & HART LLP
           555 17th Street, Suite 3200
           Denver, CO 80202-3921
Phone No.: 303.295.8000
Fax No:    800.840.4986
E-Mail:    sgutierrez@hollandhart.com
           jdkohler@hollandhart.com

</td>
<td>

Case No.  2022CV31324

Div: 21       Ctrm:

</td>
</tr>
<tr>
<td colspan="2">

**DEFENDANT LOWES HOME IMPROVEMENT LLC'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

</td>
</tr>
</table>

DATE FILED: August 4, 2022 11:53 AM
FILING ID: 4C5CAA92631B2
CASE NUMBER: 2022CV31324

Defendant Lowes Home Improvement LLC ("Lowes"), through its attorneys, Holland & Hart LLP, submits this Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint ("Complaint").

**Certification of Conferral with Counsel**

Pursuant to Colorado Rule of Civil Procedure 121 § 1-15(8), counsel for Lowes spoke with Plaintiff's counsel on August 3, 2022 by phone, who does not oppose this motion.

1.      On July 18, 2022, Plaintiff filed his Complaint against Lowes.

2.      On July 19, 2022, Lowes was served with Plaintiff's Complaint.

Exhibit 1 to Defendant's Notice of Removal

3.      Pursuant to Colorado Rule of Civil Procedure 12(a), Lowes' deadline to answer or otherwise respond to Plaintiff's Complaint is August 9, 2022.

4.      Undersigned counsel was recently retained to represent Lowes in this matter and requires additional time to review the file and consider legal arguments raised in the Complaint. As a result, Lowes requests a 21-day extension of time, up to and including August 30, 2022, in which to file its answer or otherwise respond to the Complaint.

5.      This is Lowes' first request for an extension.  No party will be prejudiced by this request, as this motion is unopposed.

WHEREFORE Defendant Lowes requests an extension of time up to and including August 30, 2022, in which to file its response to Plaintiff's Complaint.

Dated August 4, 2022.

Respectfully submitted,

*s/ Joshua Kohler*
Steven Gutierrez
Joshua Kohler
HOLLAND & HART LLP
*Attorneys for Defendant*

Exhibit 1 to Defendant's Notice of Removal

### CERTIFICATE OF SERVICE

I certify that on August 4, 2022, I served a copy of the foregoing document to the following by

☐      U.S. Mail, postage prepaid
☐      Hand Delivery
☐      Fax
☒      Electronic Service

Randall J. Paulsen
Randall J. Paulsen & Associates, P.C.
8704 Yates Drive, Suite 100
Westminster, CO 80031
Ph: (303) 426-7336
randy@rjpaulsenlaw.com

*s/ Wendy McCann*

19428671_v1

Exhibit 1 to Defendant's Notice of Removal

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**<br>7325 South Potomac St., Suite 100<br>Centennial, CO 80112 | DATE FILED: August 4, 2022 11:53 AM<br>FILING ID: 4C5CAA92631B2<br>CASE NUMBER: 2022CV31324 |
| | ▲ **COURT USE ONLY** ▲ |
| **Plaintiff:**<br>JACK MAYS,<br><br>v.<br><br>**Defendant:**<br>LOWES HOME IMPROVEMENT LLC | |
| *Attorneys for Defendant*<br><br>Name:     Steven Gutierrez, Reg No. 23208<br>              Joshua Kohler, Reg No. 51245<br>Address:   HOLLAND & HART LLP<br>              555 17th Street, Suite 3200<br>              Denver, CO 80202-3921<br>Phone No.: 303.295.8000<br>Fax No:    800.840.4986<br>E-Mail:    sgutierrez@hollandhart.com<br>              jdkohler@hollandhart.com | Case No.  2022CV31324<br><br>Div: 21        Ctrm**:** |
| **ENTRY OF APPEARANCE** | |

Joshua Kohler, of the law firm Holland & Hart LLP, hereby enters his appearance as counsel for Defendant Lowes Home Improvement LLC.

Dated August 4, 2022.

Respectfully submitted,

*s/ Joshua Kohler*
Steven Gutierrez
Joshua Kohler
HOLLAND & HART LLP
*Attorneys for Defendant*

Exhibit 1 to Defendant's Notice of Removal

### CERTIFICATE OF SERVICE

I certify that on August 4, 2022, I served a copy of the foregoing document to the following by

☐     U.S. Mail, postage prepaid
☐     Hand Delivery
☐     Fax
☒     Electronic Service

Randall J. Paulsen
Randall J. Paulsen & Associates, P.C.
8704 Yates Drive, Suite 100
Westminster, CO 80031
Ph: (303) 426-7336
randy@rjpaulsenlaw.com

*s/ Wendy McCann*

19428723_v1

-2-

Exhibit 1 to Defendant's Notice of Removal

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**<br>7325 South Potomac St., Suite 100<br>Centennial, CO 80112 | DATE FILED: August 4, 2022 11:53 AM<br>FILING ID: 4C5CAA92631B2<br>CASE NUMBER: 2022CV31324 |
| | ▲ **COURT USE ONLY** ▲ |
| **Plaintiff:**<br>JACK MAYS,<br><br>v.<br><br>**Defendant:**<br>LOWES HOME IMPROVEMENT LLC | |
| *Attorneys for Defendant*<br><br>Name:        Steven Gutierrez, Reg No. 23208<br>             Joshua Kohler, Reg No. 51245<br>Address:     HOLLAND & HART LLP<br>             555 17th Street, Suite 3200<br>             Denver, CO 80202-3921<br>Phone No.:   303.295.8000<br>Fax No:      800.840.4986<br>E-Mail:      sgutierrez@hollandhart.com<br>             jdkohler@hollandhart.com | Case No.  2022CV31324<br><br>Div: 21         Ctrm**:** |
| **ENTRY OF APPEARANCE** ||

Steven Gutierrez, of the law firm Holland & Hart LLP, hereby enters his appearance as counsel for Defendant Lowes Home Improvement LLC.

Dated August 4, 2022.

Respectfully submitted,

*s/ Steven Gutierrez*
Steven Gutierrez
Joshua Kohler
HOLLAND & HART LLP
*Attorneys for Defendant*

Exhibit 1 to Defendant's Notice of Removal

### CERTIFICATE OF SERVICE

I certify that on August 4, 2022, I served a copy of the foregoing document to the following by

☐     U.S. Mail, postage prepaid
☐     Hand Delivery
☐     Fax
☒     Electronic Service

Randall J. Paulsen
Randall J. Paulsen & Associates, P.C.
8704 Yates Drive, Suite 100
Westminster, CO 80031
Ph: (303) 426-7336
randy@rjpaulsenlaw.com


*s/ Wendy McCann*

19428719_v1